UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY et al.,

    Plaintiffs,                          Case No. 13-cv-14682
                                              Hon. Matthew F. Leitman

v.

MEDICAL EVALUATIONS, P.C. et al.,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS (ECF #29)**
**AND DENYING PLAINTIFFS' MOTION FOR SANCTIONS (ECF #32)**

## Introduction

In this action, Plaintiffs Allstate Insurance Company and Allstate Property and Casualty Insurance Company (together, "Allstate"), allege that Defendants fraudulently billed Allstate for medical services. Specifically, Allstate claims that Defendants "engage[d] in a scheme to defraud Allstate by submitting, or causing to be submitted, false and fraudulent medical records, bills, and invoices…through the U.S. Mail seeking reimbursement under the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101, *et seq.,* for treatment and services that were not actually provided, were medically unnecessary, and were not lawfully rendered." (*Compl.*, ECF #1, at ¶1.) Allstate says that "[t]he purpose of the fraudulent scheme perpetrated by the defendants was to generate claims to, and collect payment from,

1

Allstate pursuant to Michigan's No-Fault Act..." (*Id.* at ¶3.) Allstate asserts numerous causes of action against Defendants, including civil claims under the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §1964(c). (*See, e.g., id.* at ¶¶706-723; 733-750.)

Defendants have filed a Motion to Dismiss. (*See* ECF #29.) The motion contains two discrete arguments. First, Defendants argue that Allstate's RICO claims are barred by the recent decision in *Jackson v. Sedgwick Claims Mgmt. Servs.*, 731 F.3d 556 (6th Cir. 2013) (*en banc*). (*See id.* at 20-28, Pg. ID 443-451.) Second, Defendants argue that "if this Court … dismiss[es] the RICO claims, this Court will not have any basis for federal jurisdiction…" (*Id.* at 28-30, Pg. ID 451-453.) Allstate vigorously disputes Defendants' assertions and has filed both an opposition to Defendants' motion (*see* ECF #30) and a motion requesting the Court sanction Defendants (*see* ECF #32).

For the reasons stated below, the Court will **DENY** both motions.[1]

---

[1] Plaintiffs moved to dismiss Allstate's claims under Federal Rule of Civil Procedure 12(b)(6) and for judgment on the pleadings under Rule 12(c). (*See* ECF #29.) The Court agrees with Allstate that a motion under Rule 12(c) is premature because the pleadings in this action are not "closed" as that rule requires. *See, e.g., Dunn-Mason v. JP Morgan Chase Bank Nat. Ass'n*, 2013 WL 4084676 at *4 (E.D. Mich. Aug. 13, 2013) (finding that because a defendant filed a motion to dismiss, and had not yet filed an answer to a complaint, "the pleadings … are not 'closed' for purposes of Rule 12(c)"). Nevertheless, for the reasons stated herein, the Court finds no grounds to dismiss Allstate's claims under either of these rules.

## Analysis

**A. The Sixth Circuit's Decision in *Jackson* Does Not Require Dismissal of Allstate's RICO Claims**

In *Jackson*, the Sixth Circuit, sitting *en banc*, held that employee-plaintiffs could not assert RICO claims against their employers and others based upon the allegedly-fraudulent denial of workers-compensation benefits. The Sixth Circuit stressed that a RICO claim lies only for an injury to "business or property," not for "personal injuries," *Jackson*, 731 F.3d at 563-64, and the court concluded that the denial of workers-compensation benefits is not "an injury to [the employee's] 'business or property' that is compensable under 1964(c)." *Id.* at 558-59. In the Sixth Circuit's words, "the losses [the employees] allege are simply a shortcoming in the compensation they were entitled to receive for a personal injury." *Id.* at 566.

Unlike the employee-plaintiffs in *Jackson*, Allstate is not seeking to recover for personal injuries in this action. Indeed, as Allstate aptly notes, as a corporation, it cannot suffer a personal injury. Allstate is seeking to recover for alleged injuries to both its property and its business – injuries that arose when the Defendants allegedly fraudulently induced Allstate to pay large volumes of dishonest claims. As several courts have recognized, the type of injury Allstate alleges is compensable under RICO. *See, e.g, Allstate Ins. Co. v. Lyons*, 843 F.Supp.2d 358, 373-374 (E.D.N.Y. 2012) ("[t]he alleged RICO violations of each [doctor and health-care provider] proximately caused Allstate's financial injury and therefore

3

Allstate may properly bring this suit"); *Allstate Ins. Co. v. Linea Latina de Accidentes*, 781 F.Supp.2d 837, 845 (D. Minn. 2011) (refusing to dismiss RICO claims against chiropractic clinics and doctors related to alleged scheme under Minnesota No-Fault regime and finding that Allstate "adequately alleged concrete financial loss"). And, as another court in this district specifically confirmed earlier this year, the Sixth Circuit's *en banc* decision in *Jackson* did nothing to change that settled rule. *See State Farm Mutual Automobile Ins. Co. v. Physiomatrix, Inc.*, 2014 WL 555199 at *2 (E.D. Mich. Feb. 12, 2014) ("State Farm's injuries arise from the payment of allegedly fraudulent claims … Such an injury is clearly not 'personal' and is an injury to State Farm's 'business or property'").

Moreover, the decision in *Jackson* was motivated, in part, by federalism concerns that are not present here (or at least not present to the same degree). *Jackson*, 731 F.3d at 566-68. The Sixth Circuit in *Jackson* was concerned that, among other things, (1) allowing the employee-plaintiffs to proceed with their RICO claims would displace Michigan's "comprehensive administrative system" for reviewing and adjudicating workers-compensation claims and, (2) exposing employers to treble damages and attorneys' fees would displace the employer liability limits that were an essential feature of Michigan's workers-compensation system. *Id.*; *see also id.* at 559-61. Here, Defendants have not identified any aspect of Michigan's No-Fault system that compares to the comprehensive

4

administrative system Michigan enacted to address and adjudicate workers-compensation claims. Thus, allowing Allstate's RICO claims to proceed does not "create[] a form of federal collateral review" of state administrative benefits determinations as did the RICO claim in *Jackson*. *Id.* at 568. Nor have Defendants identified any state-law liability limit that would be undermined by allowing Allstate to proceed with its claims. Indeed, Defendants have not pointed to *any* provision of the No-Fault Act that limits their liability in the same manner that Michigan's workers-compensation statute limited employer liability.

Defendants' best argument that *Jackson* bars Allstate's RICO claims rests on a portion of the Sixth Circuit's opinion criticizing the employee-plaintiff's theory of liability as too far-reaching. The Sixth Circuit said that "there is nothing preventing an employer from turning this theory [i.e., that fraud within the workers-compensation system may give rise to a RICO claim] on its ear and accusing employees of a pattern of mail or wire fraud designed to *support* benefits claims." *Id.* at 568 (emphasis in original) (citation omitted). Defendants insist that this passage "ma[kes] clear" that the ruling "work[s] both ways, barring both the insured and the entity responsible for paying the insurance from [bringing] RICO cases based off the personal injury." (ECF #29 at 16, Pg ID 439.)

Defendants read too much into this lone statement. The Sixth Circuit was not faced with a claim by an employer or workers-compensation insurer, so the

5

court's holding does not encompass such claims. Indeed, the Sixth Circuit did not undertake any analysis as to whether an employer or insurer suffers an injury to "business or property" when it is fraudulently induced to pay benefits by a health care provider; apart from the one sentence quoted by Defendants, the court said nothing about a possible claim by an employer or insurer.

Furthermore, the context of the Sixth Circuit's statement cuts against Defendant's proposed interpretation. The statement appears in the portion of the Sixth Circuit's opinion addressing the court's federalism concerns – in which the court expresses its reluctance to allow RICO claims to displace Michigan's comprehensive administrative scheme for finally resolving workers-compensation benefits disputes. Seen in this context, the statement is best understood as the Sixth Circuit's observation that allowing *any* of the parties to a workers-compensation benefits dispute – including an employer – to bring a RICO claim raises federalism concerns because no matter which party brings the claim, the result is the displacement of the comprehensive state system. As noted above, Defendants here have failed to identify any state administrative system for adjudicating No-Fault disputes that would be displaced (or frustrated in any way) by Allstate's RICO claim. Therefore, contrary to Defendants' argument, the Sixth Circuit's statement they cite does not require dismissal. *Jackson* is no bar to Allstate's RICO claims.

6

### B. Defendants' Challenge to the Court's Subject-Matter Jurisdiction is Moot and, in Any Event, is Wholly Without Merit

Defendants' argument that this Court would lack subject-matter jurisdiction if this Court dismissed Allstate's RICO claims is moot because the Court has declined to dismiss the claims. But even if the Court had dismissed the RICO claims, Defendants' subject matter-jurisdiction argument would be devoid of merit.

Allstate's Complaint specifically alleges two separate bases on which this Court has subject-matter jurisdiction, and only one of those bases would be impacted had the Court dismissed Allstate's RICO claims. Specifically, Allstate alleges that this Court has federal-question jurisdiction under 28 U.S.C. §1331 based on its RICO claims (*see* ECF #1 at ¶101) *and* that the Court also has diversity jurisdiction under 28 U.S.C. §1332 (*id.*). There is no reasonable argument that the dismissal of Allstate's RICO claims would have had any impact upon this Court's diversity jurisdiction. Simply put, dismissal of the RICO claims, if the Court had ordered that relief, would plainly not have deprived this Court of original subject-matter jurisdiction.

### C. The Court Rejects Allstate's Request to Sanction Defendants

Allstate requests sanctions on two primary grounds. First, it contends that Defendants' subject matter jurisdiction argument – discussed immediately above – was "frivolous." (*ECF* #30 at 16, Pg. ID 575.) The Court agrees that the jurisdictional argument Defendants presented was patently without merit. The

7

Court, however, declines to sanction Defendants because the argument was so brief and took so little effort to address.[2]  Had this baseless argument caused the Court, or Plaintiffs, to extend any meaningful effort, the Court would not have hesitated to impose sanctions.  The Court cautions Defendants to avoid such patently meritless arguments as this action proceeds.

Second, Allstate asserts that the merits of Defendants' arguments in favor of dismissal of the RICO claims "find no support in longstanding and well-established law." (*Id.* at 17-32, Pg. ID 576-591.)   However, while the Court has rejected Defendants' arguments that *Jackson* precludes Allstate's RICO claims, it does not find Defendants' arguments so lacking in merit as to warrant imposition of sanctions.  There was a good-faith basis for Defendants' arguments.  Allstate also stresses that another court in this district rejected the same *Jackson*-based argument made by Defendants here.  (*See id., citing Physiomatrix,* 2014 WL 555199.)  But a ruling by another court in this district, of course, is not binding on this Court.  Defendants were thus entirely free to try to convince this Court that the other court erred.  While this Court has great respect for the court in *Physiomatrix,* and ultimately agreed with the result reached by that court, the existence of

---

[2] For the same reasons, even though, as indicated above, the Court agrees with Allstate that Defendants' motion under Rule 12(c) was premature because the pleadings in this matter are not closed, it also declines Allstate's request to sanction Defendants on this ground. (*See* ECF #30 at 17, Pg. ID 576.)

*Physiomatrix* did not, in and of itself, make Defendants' instant motion sanctionable.

Accordingly, **IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss (ECF #29) is **DENIED** and that Plaintiffs' Motion for Sanctions (#ECF #32) is **DENIED**.

                                                s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: June 6, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 6, 2014, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (313) 234-5113